## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**REGINALD DEAN ROBINSON**                                **PLAINTIFF**

v.                                **No. 4:21-cv-865-DPM**

**ARKANSAS STATE HOSPITAL;**
**KEITH SCOGGINS, CEO, Arkansas**
**State Hospital; STEVEN DOMON,**
**Director of the Facility, Arkansas State**
**Hospital; MARTIN AULT, Registered**
**Nurse, Arkansas State Hospital**                     **DEFENDANTS**

### ORDER

1.    Robinson's application to proceed *in forma pauperis*, *Doc. 1*, is granted.  He reports living on social security disability income.

2.    The Court must screen his complaint.  28 U.S.C. § 1915(e)(2). Robinson brings this lawsuit under 42 U.S.C. § 1983 alleging that, while a patient of the Arkansas State Hospital, he was sexually assaulted by a fellow patient.  He argues that the defendants failed to monitor the halls and protect him.

In his complaint, Robinson says he is suing defendants in their official capacity only;  however, he has failed to state an official capacity claim against Scoggins, Domon, and Ault.  That claim runs against Arkansas (through its agent the Arkansas State Hospital), *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989), and Arkansas

is immune from suit for damages, which is the relief Robinson seeks. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). Robinson may well have a plausible individual capacity failure-to-protect claim against the front-line staff who were responsible for him and allowed him to be sexually assaulted. But, Robinson must name those individuals as defendants plus specify exactly what each did or did not do. If Robinson files an amended complaint that clarifies the capacity issue, the parties, and the facts by 19 November 2021, his case will go forward. If he does not, the Court will dismiss his case without prejudice.

3.     Robinson also asks to be discharged from DHS custody. He explains that, because the State Hospital falls under the purview of DHS, this lawsuit and his ongoing-treatment at the state hospital create a conflict. Robinson worries that he will be prevented from getting access to video in discovery because of hospital policy limiting access to patients. He also worries about possible retaliatory mistreatment. His motion for discharge is denied. At present, there is no apparent conflict. Discovery and access to records are governed by the Federal Rules of Civil Procedure. Any disputes can be addressed in due course. Finally, it is unclear why Robinson is at the State Hospital voluntarily or involuntarily, but his presence there is governed by state law. ARK. CODE ANN. §§ 20-47-201 *et seq*.

*     *     *.

Any clarifying amended complaint due by 19 November 2021. Motion, *Doc. 3*, denied.

So Ordered.

D.P. Marshall Jr.
United States District Judge

19. October 2021

- 3 -